**UNITED STATES of America**

v.

**Robert Lee POOLE, a/k/a Robert Lee Hart.**

**No. 1:91–CR–72.**

United States District Court, E.D. Texas, Beaumont Division.

March 26, 1992.

---

Melissa Baldo, Asst. U.S. Atty., Beaumont, Tex., for U.S.

Dennis Powell, Orange, Tex., for Robert Lee Poole.

## MEMORANDUM

COBB, District Judge.

On June 20, 1991, the defendant Robert Lee Poole was charged in a sixteen-count indictment growing out of the events of May 29, and May 30, 1991, wherein he and a co-defendant, Matthew Burton, conspired to and did rob the Super 8 Motel in Beaumont, Texas, on the 29th, and Bank One Texas, N.A., Beaumont, Texas, on the 30th, by force, violence, and intimidation.

After he and his attorney negotiated a plea agreement with the United States Attorney's office, he pled guilty to Counts 3, 4, 6, 7, and 10. The United States Probation Office then prepared a pre-sentence investigation report. After reviewing the report, Poole filed a motion to withdraw his plea. At the hearing on the motion, he gave as his principal reason that he expected a sentence in the range of 170–197 months, but the presentence investigation indicated a range of 151–188 months plus sixty months consecutive to that term because of the firearm used in the bank robbery, or a total exposure of 221 to 248 months.

Poole also alleges that his attorney, the Assistant United States Attorney and the probation officer estimated the guidelines prior to his plea of guilty.

The principal contention of the defendant is that he did not have a firearm when he robbed Bank One, although he apparently told the bank teller he had a pistol. At the hearing on the motion to withdraw the plea of guilty, defendant stated he did not have a firearm when he robbed the bank, but that he had one when he robbed the motel. He also stated his plea was not voluntary because he did not realize that he would receive more than approximately 15–18 years imprisonment. Both he and his attorney stated they would rely on the transcript of the plea hearing as to the question of voluntariness and appropriate warning as to the length of sentence which might be imposed.

At the plea hearing, the court carefully stated the elements of each of the charges against the defendant, and he admitted that during the bank robbery he had a firearm, understood the charges, assented to the government's offer of proof, pleaded guilty because he was guilty, and stated that he understood the court could not determine the sentence until the probation officer's report was delivered to the court. He was told the maximum punishment he could receive and stated he understood. He understood that the use of a firearm would be an additional five-year term, consecutive to the punishment assessed in the other charges. His manner, demeanor, and all the circumstances surrounding his plea convinced the court he understood the charges and their essential elements, and the government's offer of proof, and his plea was voluntary. He fully understood that the court could not sentence him until the presentence investigation was completed.

Seven weeks after entering his plea of guilty, he filed the motion to withdraw his

plea. He has never claimed his innocence. He claims his plea was not voluntary because he did not realize the possibility of the severity of the sentence.

The government's response to his motion, citing applicable cases, is persuasive. The most recent decision concerning the withdrawal of a plea of guilty is *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992). The court states:

A district court may allow a guilty plea to be withdrawn prior to sentencing upon the showing of "any fair and just reason." Fed.R.Crim.P. 32(d), "We will reverse [its] denial of a motion to withdraw a plea of guilty only for abuse of discretion." *United States v. Badger*, 925 F.2d 101, 103 (5th Cir.1991) (citations omitted).

Seven factors are to be considered in deciding such a motion:

(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether adequate assistance of counsel was available to the defendant; (6) whether his plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.

*Id.* at 104 (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985)). As noted in *Badger*, "[n]o single factor or combination of factors mandates a particular result. Instead, the district court should make its determination based on the totality of the circumstances." *Id.*

In *Gaitan*, the Court of Appeals quotes from *United States v. Pearson*, 910 F.2d 221 (5th Cir.1990) as follows:

The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.

Numerous other decisions were reviewed by this court in reviewing Poole's motion to withdraw his plea, and nothing has been found which supports Poole's position. The government has asserted a plea change would prejudice it because of the problems concerning some of the anticipated witnesses, no innocence by the defendant has been claimed, the motion was seven weeks after the plea, and the only reason given was he was not aware of the total sentence he could receive. This had been made clear to him in his plea hearing. Further, with the increase of criminal filings in this court, a full trial would substantially inconvenience the court and delay the trial of other defendants who face trial in this court. Additionally, defendant had adequate counsel, his plea was knowing and voluntary, and certainly the judicial resources would be wasted.

It is accordingly, ORDERED that defendant's motion to withdraw plea is hereby DENIED.