UNITED STATES of America

v.

Mario DEANDA.

No. 1:93–CR–175–2.

United States District Court, E.D. Texas, Beaumont Division.

May 20, 1994.

**184**

John Malcolm Bales, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

G.R. Lupe Flores, Beaumont, TX, for defendant.

*MEMORANDUM OPINION*

COBB, District Judge.

This court, after considering the applicable caselaw, denied the Defendant's Motion to Withdraw Plea on May 18, 1994. The court now assigns written reasons for the denial of this motion.

1. *See* 21 U.S.C. §§ 841, 846.

2. *See* 21 U.S.C. § 841(a)(1).

**Factual Background**

Count 1 of the original nine count indictment in this case charged Mario Deanda, Francisco Morales, Terry Milford, Jeff Ferguson and Cary Lyn Cotton with conspiring to possess with intent to distribute cocaine and marijuana.[1] Mario Deanda was also charged in counts 2 and 5, respectively, with possession with intent to distribute marijuana[2] and use of a communication facility to facilitate the commission of a felony.[3] On February 25, 1994, Deanda pleaded guilty to count 2 of a superseding indictment which charged him with a violation of 21 U.S.C. § 841(a)(1), to wit: possession with intent to distribute marijuana, a schedule I controlled substance. In return for the plea on count 2, the government agreed to dismiss counts 1 and 5 pending against Deanda. At 3:52 p.m. on May 17, 1994, the day before his scheduled sentencing, Deanda filed a motion to withdraw his plea of guilty.

**Discussion**

▮ As an initial matter, there is no absolute right to withdraw a guilty plea. *United States v. Badger,* 925 F.2d 101, 103 (5th Cir.1991). Federal Rule of Criminal Procedure 32(d) provides: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The burden of establishing a fair and just reason for withdrawing a guilty plea remains on the defendant at all times. *United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988).

▮ This court considers seven factors when deciding whether to allow the withdrawal: 1) Whether the defendant has asserted his innocence; 2) Whether the government would suffer prejudice if the withdrawal motion were granted; 3) Whether the defendant has delayed in filing his withdrawal motion; 4) Whether the withdrawal would substantially inconvenience the court; 5) Whether close assistance of counsel was

3. *See* 21 U.S.C. § 843(b).

available; 6) Whether the original plea was knowing and voluntary; and, 7) Whether the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion. *See United States v. Carr,* 740 F.2d 339 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). No single factor or combination of factors mandates a particular result. *Badger,* 925 F.2d at 104. Instead, this court makes its determination based on a totality of the circumstances. *Id.* The court will review each factor in turn.

### Assertion of Innocence

█ In his motion, Deanda claims that he did not knowingly possess the marijuana with intent to distribute it. Deanda asserts that he picked up a box on the side of the road. Without discovering its contents, he placed it in his car and continued driving. However, Deanda does not dispute that Officer Kent Havard of the Diboll, Texas police discovered the marijuana in Deanda's car after detecting its aroma.[4] Moreover, in response to the court's questions at the hearing on May 18, 1994, Deanda admitted that the 13 pounds of marijuana was in his possession.

The court finds Deanda's story and his demeanor during its presentation simply incredible and untrustworthy. Even assuming that Deanda did in fact stop along the roadside and find the box containing marijuana along the roadside, it is simply unbelievable that he would not ascertain its contents before placing it in his car. Consequently, Deanda's claims that he did not knowingly possess the marijuana are not credible. Moreover, thirteen pounds of marijuana appears inconsistent with personal use. *See, e.g. United States v. Payne,* 805 F.2d 1062, 1067 (D.C.Cir.1986) (40 pounds of marijuana inconsistent with personal use).

Furthermore, the newly asserted claims of innocence directly contradict the defendant's statements made under oath at the original plea hearing[5]:

THE COURT: DID YOU ON DECEMBER 31ST UNLAWFULLY, INTENTIONALLY, AND KNOWINGLY POSSESS WITH INTENT TO DISTRIBUTE, AND IN THE EASTERN DISTRICT OF TEXAS, MARIJUANA AS CHARGED?

THE DEFENDANT: YES

THE COURT: IS THERE ANY DOUBT IN YOUR MIND ABOUT IT?

THE DEFENDANT: NO.

Other than vaguely offering that he pleaded guilty on the advice of his attorney, Deanda made no attempt to explain or otherwise justify these inconsistent statements.

### Prejudice to the Government

The court finds that allowing the defendant to withdraw his plea would prejudice the government. The Assistant United States Attorney correctly asserted at the May 18th hearing that the charges against Deanda's co-defendants have been resolved either through plea agreements or at trial. Consequently, requiring the government to re-try the underlying conspiracy charge in a duplicative case would prejudice the government.

### Delay in Filing Motion

The defendant filed the motion to withdraw his plea of guilty literally on the eve of his scheduled sentencing and more than two and a half months after his plea of guilty to the court. In *Carr,* 740 F.2d at 345, the court noted:

The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical

---

4. Furthermore, Deanda assented to the government's offer of proof at the plea hearing.

5. At the plea hearing the court admonished Deanda to be truthful:

THE COURT: DO YOU UNDERSTAND THAT YOU'RE NOW UNDER OATH, AND IF YOU ANSWER ANY OF MY QUESTIONS FALSELY, YOUR ANSWERS MAY LATER BE USED AGAINST YOU IN ANOTHER PROSECUTION FOR PERJURY OR THE MAKING OF A FALSE STATEMENT?

THE DEFENDANT: YES.

decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.

Consequently, the court finds that the defendant's motion was not promptly filed.

### Inconvenience to the Court

The court further finds that allowing Deanda to withdraw his plea would substantially inconvenience the court. With the increase of criminal filings in this court, a full trial would delay or disrupt current criminal trial settings. This disruption could also have adverse implications on this and other pending criminal matters in light of the Speedy Trial Act.[6] *See, e.g. Carr,* 740 F.2d at 346 ("Moreover, denying a withdrawal motion when it would waste judicial resources protects the rights of other accused persons awaiting trial.") (citation omitted).

### Assistance of Counsel

Mr. Guadalupe "Lupe" Flores, Deanda's attorney, is an experienced and able criminal lawyer and part-time Beaumont municipal court judge. At the plea hearing, Deanda agreed that he had fully discussed the charges and the case in general with Mr. Flores and that he was satisfied with the counsel, representation and advice given to him by Mr. Flores. Furthermore, Mr. Flores represented at the May 18 hearing, and this court so finds, that Flores has ably assisted Mr. Deanda in this case. Consequently, this court finds that Deanda has received the close assistance of able legal counsel.

### Knowing and Voluntary Plea

The court finds that Deanda knowingly and voluntarily entered the plea. For a plea to be knowing and voluntary, "the defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Gaitan,* 954 F.2d 1005, 1011 (5th Cir.1992) (citations omitted). At the original plea hearing, the court carefully provided a litany of admonishments and explanations to Deanda, including the elements of the charge, the consequences of the plea, and the offense's maximum punishment. There was

no indication that the defendant did not fully understand the consequences of his plea.

Furthermore, the defendant agreed that he had not been forced to plead guilty and had entered into the plea agreement "knowingly, freely, voluntarily, and upon the advice of counsel." In *United States v. Clark,* 931 F.2d 292, 295 (5th Cir.1991), *quoting United States v. Darling,* 766 F.2d 1095 (7th Cir.), *cert. denied,* 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985), the court stated: "the defendant's declaration in open court that his plea is not the product of threats or coercion carries a strong presumption of veracity." Based on both Deanda's demeanor and answers to the court's questions at the plea hearing, this court finds that Deanda's plea was knowing and voluntary. Deanda has presented no evidence to challenge this conclusion.

### Waste of Judicial Resources

This court further finds that allowing the plea withdrawal would waste judicial resources. The court has already taken Deanda's plea, ordered the Probation department to prepare a Pre–Sentence Investigation Report, and reviewed the report. Moreover, this court has already held a week-long trial on the conspiracy charge against another defendant. A second lengthy trial on the same subject matter would require additional judicial resources and would significantly burden this court's already busy criminal docket.

### Reason for Delay in Filing Motion

Finally, the defendant has proffered no reason for the delay in filing the motion to withdraw his plea. *See Carr,* 740 F.2d at 344 ("[T]he longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion.")

In summary, Deanda has simply not provided a factually or legally sufficient showing for this court to withdraw his guilty plea. Based on the totality of circumstances, therefore, this court denies Deanda's motion to withdraw his plea of guilty.

---

**6.** 18 U.S.C. § 3161 et seq.

As this court ordered from the bench on May 18, 1994, the Defendant's Motion to Withdraw Plea is DENIED.