IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40204
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CARLOS MANCILLAS, also known as Juan Carlos Mendoza Villarreal

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-436-1
--------------------
November 7, 2002

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Carlos Mancillas appeals his 57-month sentence following his
guilty-plea conviction for unlawful reentry after deportation
subsequent to an aggravated felony conviction, a violation of 8
U.S.C. § 1326.  Mancillas argues that the district court erred by
relying on information outside of the prior indictment and
judgment to justify an enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A).

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Section 2L1.2(b)(1)(A)(vii) (Nov. 2001), mandates a 16-level increase to the base offense level if the defendant previously was deported after a conviction for a felony that is "an alien smuggling offense committed for profit."  The PSR stated that the investigative report for the prior offense indicated that the offense was committed for profit.

In arguing that the district court misapplied U.S.S.G. § 2L1.2(b)(1)(A)(vii), Mancillas contends that the reasoning from our decisions interpreting the "career offender" guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, should be applied in his case.  In interpreting those provisions, this court has held that only conduct charged in the indictment, and not the underlying conduct, may be considered in determining whether the offense is a crime of violence or a controlled substance offense.  See United States v. Gaitan, 954 F.2d 1005, 1009-11 (5th Cir. 1992); United States v. Fitzhugh, 954 F.2d 253, 254-55 (5th Cir. 1992). Our holdings in Gaitan and Fitzhugh were based on specific language contained in the commentary to U.S.S.G. § 4B1.2, limiting the sentencing court's inquiry to the conduct alleged in the indictment in determining whether the enhancement applies. See Gaitan, 954 F.2d at 1009-11; Fitzhugh, 954 F.2d at 254-55.

Neither U.S.S.G. § 2L1.2 nor its commentary contains such limiting language.  Furthermore, U.S.S.G. § 1B1.3 instructs that when determining a defendant's "specific offense characteristics" under Chapter Two of the Guidelines, "[c]onduct that is not

formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, comment. (backg'd.). Although Mancillas cites our decision in United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir.), cert. denied, 531 U.S. 982 (2000), as support for his argument, that case involved the interpretation of a statute not at issue here. See Zavala-Sustaita, 214 F.3d at 604-08 (interpreting "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A)). We conclude, therefore, that the district court did not misapply U.S.S.G. § 2L1.2(b)(1)(A)(vii).

Mancillas also argues, for the first time on appeal, that the sentence-enhancing provisions contained in 8 U.S.C. § 1326(b) are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for further review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

The district court's judgment is AFFIRMED.