United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-50033
Summary Calendar

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**KEVIN RAYNELL WILLIAMS, also
known as Kevin Williams,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Western District of Texas
(EP-03-CR-1686-2-FM)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kevin Raynell Williams appeals his guilty-plea conviction and sentence for conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3), and 963. Williams contends: the district court erred in denying his presentence motion to withdraw his guilty plea; and he received ineffective assistance of counsel.

"A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." ***United States v.***

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Powell*, 354 F.3d 362, 370 (5th Cir. 2003). "A defendant does not have an absolute right to withdraw [his] guilty plea. However, a district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason.'" *Powell*, 354 F.3d at 370 (citing FED. R. CRIM. P. 11(d)(2)) (citation omitted).

Williams based his withdrawal motion on his assertion that he was not aware he was facing enhanced punishment as a "career offender". This court, however, has repeatedly rejected such a contention. *See*, *e.g.*, *United States v. Young*, 981 F.2d 180, 184 (5th Cir. 1992), *cert. denied*, 508 U.S. 980 (1993); *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *Gaitan*, 954 F.2d at 1011 (quoting *Pearson*, 910 F.2d at 223). Along this line, "[a]s long as the [defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences". *Young*, 981 F.2d at 184 n.4 (citation and quotation marks omitted). Here, the prosecutor, as directed by the district court, informed Williams at his re-arraignment that he faced a maximum of 20 years (240 months) imprisonment; Williams testified that he understood this admonishment; and he received a prison term of 160 months. Accordingly, Williams was adequately

2

informed and aware of the consequences of his plea.  Therefore, the district court did not abuse its discretion in denying his motion to withdraw his guilty plea.

Williams also claims ineffective assistance of counsel (IAC) in district court.  Williams faults his counsel for failure to investigate his criminal record, which would have been revealed Williams was punishable as a career offender.  He testified at the plea-withdrawal hearing that, had he known this, he would not have pleaded guilty.

Our court will resolve IAC claims on direct appeal only if the record is adequate for a determination of the merits.  *See*, *e.g.*, *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991), *cert. denied*, 510 U.S. 845 (1993).  In this instance, the record is adequate.

To obtain relief for IAC, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense".  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An IAC claim can be rejected because of a failure to show prejudice, without inquiring into the adequacy of counsel's performance.  *Id*. at 697.

"[I]n order to satisfy the 'prejudice' requirement [for an IAC claim], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

*Lockhart*, 474 U.S. 52, 59 (1985).  Furthermore, the conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance.  *E.g.*, *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

William's plea agreement stated, in part:  "The Defendant is aware that any estimate of the probable sentencing range that he may receive from his counsel ... *did not induce his guilty plea* ... and does not bind ... the Court".  (Emphasis added.)  Williams testified at re-arraignment that:  he had reviewed the plea agreement with counsel; he understood it; and he entered into it voluntarily.  Williams is not entitled to relief on this IAC claim because the record shows his guilty plea was knowingly and voluntarily entered.  *See DeVille*, 21 F.3d at 659.

*AFFIRMED*