# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30657
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EFRAIN ISIDRO PINEDA-LOZANO, also known as Richard Lozano, also known as Mario Efran Solis, also known as Pedro Pagoada, also known as Richard Solis

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-197-1

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Efrain Isidro Pineda-Lozano (Pineda) appeals his guilty plea conviction of being found unlawfully in the United States after having been deported subsequent to an aggravated felony conviction. He argues that the variance between the conviction used as a basis for enhancement in the indictment and the conviction used to enhance his offense level at sentencing deprived him of notice of the consequences of his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Pineda's argument for plain error. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). With respect to sentencing, the consequences of entering a guilty plea mean only that the defendant knows the maximum possible prison sentence and fine that may be imposed. *United States v. Gaitan*, 954 F.2d 1005, 1012 (5th Cir. 1992). The record reflects that Pineda was advised and understood that he faced a maximum term of imprisonment of 20 years. Accordingly, he cannot demonstrate plain error. *See id.* at 1011-12.

AFFIRMED.