# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 07-11016
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL BARBOZA DELGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-42-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Saul Barboza Delgado pled guilty pursuant to an agreement to two counts of distribution of marijuana and one count of possession of a machine gun. He was sentenced to 240 months' imprisonment and to thee years of supervised release. Delgado argues that the factual basis was insufficient to support his guilty plea to the charge of possession of a machine gun and that his plea was involuntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-11016

This court reviews the district court's acceptance of a guilty plea for clear error.[1] To establish a violation of 18 U.S.C. § 922(o)(1), the Government must prove beyond a reasonable doubt that the defendant knowingly possessed a machine gun.[2] At the arraignment hearing Delgado admitted to the allegation set forth in Count Five of the indictment: that he "knowingly possessed a machine gun" on or about February 21, 2006. Delgado also stipulated to the truth of the facts contained in the factual resume which he acknowledged signing. The factual basis, which reflects that Delgado placed a machine gun in the trunk of his car, is sufficient to support all of the elements of the offense.[3]

Delgado also asserts his guilty plea was involuntary because he was entrapped into receiving automatic weapons in exchange for marijuana or alternatively the product of sentence factor manipulation. However, the record establishes that Delgado's plea was knowing and voluntary[4] and the record shows that Delgado understood his plea agreement and he had no questions regarding the appeal waiver provision. As such, Delgado waived any right to assert a defense of entrapment.[5] The judgment of the district court is AFFIRMED.

---

[1] *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008).

[2] *See United States v. Gonzales*, 121 F.3d 928, 936 (5th Cir. 1997).

[3] *See id.*; *United States v. Toro*, 840 F.2d 1221 (5th Cir. 1988) (finding possession even though officers effectively prevented defendant from making-off with contraband).

[4] *United States v. Washington*, 480 F.3d 309, 315-316 (5th Cir. 2007); *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992).

[5] *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).