# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2010

Lyle W. Cayce
Clerk

No. 09-50271
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY NORMAN ROARK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-00092-WRF-ALL

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anthony Norman Roark appeals his sentence, imposed for possession of child pornography under 18 U.S.C. § 2252(A)(a)(5)(B). Roark pleaded guilty following the denial of his motion to suppress and the district court sentenced him to 51 months of imprisonment and 15 years of supervised release. Roark's written plea agreement contained a waiver of Roark's right to appeal his sentence or the manner in which it was determined, directly or in any other post-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction proceeding, for any reason other than an upward departure from the advisory range under the United States Sentencing Guidelines.

Roark asserts that the district court erred in accepting his guilty plea without further inquiry into whether it was voluntary and knowing because he equivocated in his admissions to the charges throughout the proceedings. The record, however, establishes that Roark's guilty plea was both knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); FED. R. CIV. P. 11. As Roark did not object to any Rule 11 error in the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). At rearraignment, the magistrate judge advised Roark of his constitutional rights and that he was waiving those rights by pleading guilty; Roark stated that he understood at each point. *See* FED. R. CRIM. P. 11(b)(1)(B)-(F). The magistrate judge reviewed the conduct with which Roark was charged and the legal elements of the offense and determined that Roark understood both and admitted to the factual basis. *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc); FED. R. CRIM. P. 11(b)(3). The charge and the factual basis were also both contained in the written plea agreement which Roark signed, and the factual basis establishes that Roark's conduct fell within the ambit of § 2252(A)(a)(5)(B). *See United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005). The magistrate judge advised Roark of the penalties for the charged offense and Roark confirmed that he understood those penalties. *See* FED. R. CRIM. P. 11(b)(1)(H); *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992).

The magistrate judge confirmed that Roark had signed a written plea agreement, including a waiver of his right to appeal his sentence. *See* FED. R. CRIM. P. 11(b)(1)(N); *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999). Roark acknowledged that he understood his plea agreement, specifically including the waiver provision. *See* FED. R. CRIM. P. 11(b)(1)(N); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The magistrate judge further advised

Roark that the district court would determine the appropriate sentence using the Sentencing Guidelines and that the court could impose a sentence within, below, or greater than the calculated range. *See* FED. R. CRIM. P. 11(b)(1)(M); *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992). The magistrate judge confirmed that Roark's guilty plea was not a result of force, threats, or promises. *See* FED. R. CRIM. P. 11(b)(2). Roark himself stated that he was pleading guilty because he was guilty, although he added that it was also in his "best interest" to plead guilty.

Roark's "solemn declarations in open court carry a strong presumption of verity," and are further supported by a review of the whole record. *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (internal quotation marks and citation omitted); *Vonn*, 535 U.S. at 59. At the hearing on Roark's motion to suppress, the district court discussed in detail the charges against Roark, the facts asserted in support of that charge, and Roark's option to go to trial rather than plead guilty. Roark also admitted to the probation officer preparing the presentence report the same facts stated in the factual basis. *See United States v. Dyer*, 136 F.3d 417, 425 n.13 (5th Cir. 1998). Roark has failed to show that either his plea or his waiver of his right to appeal his sentence was unknowing or involuntary. *See Gaitan*, 954 F.2d at 1011; *Bond*, 414 F.3d at 546.

Because the appeal waiver is enforceable, we do not address Roark's challenge to the reasonableness of his sentence.

The judgment of the district court is AFFIRMED.