Dietrick Lewis Johnson Sr.
#19831-078
Beaumont FCC Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 07 2015

Abel Acosta, Clerk

Court of Criminal Appeals of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711-2308

August 3rd, 2015

RE; NO. WR-83,532-01

Dear Panel of Honorable Judge's:

I have forwarded you a copy of my **Addendum**, to report and recommendation of the United States Magistrate Judge, as **Exhibit-E**, for the following"

"When State Assistant District Attorney; "Cynthia A. Walker," entered the applicant's federal guilty plea into the court's record, before; "Honorable Judge Scott J. Becker," on November 28th, 2012, in District 219, Collin County, Texas. Honorable Judge Becker reviewed the federal plea, reset matter's before him, and allowed the applicant to be sentenced on his parallel federal charges first. The Judge was biased against applicant and prejudice ensued when the federal plea turned the Judges mind and swayed his judgment."

Furthermore, the federal guilty plea was used as leverage to give the applicant an upward departure from, forty (40), to fifty (50) and finally to sixty (60) years once the federal guilty plea was used as a **Confession**; "November 28th, 2012."

(1)

State and U.S. assistant district attorney's knowingly and willingly committed fraud on the government, simply to get a U.S. Magistrate Judge fact finding and recommendation denied. This type of deceit got the guilty plea to stand, and setting themselves up with slam dunks in both court's.

Applicant requested the prosecution to subpoena "Metro Pcs phone records," seeing that they wouldn't believe or take his word for stressing his actual innocence. The court's record will demonstrate for this court, that on "April 15th, 2013," in Case No. 219-81234-2012, the prosecution subpoenaed these phone records. Therefore, the prosecution knew that the complaining witness gave perjured signed statement of important facts, to the grand jury, and then suppressed the phone records.

State and U.S. assist. D.A.'s denied this applicant a right to attack the complaining witness credibility, on the facts in which she testified was false, that her general reputation was bad, that she has previously made contradictory or inconsistent statements, and that she was biased and hostile.

Applicant was denied due process and equal protection of law, when this exculpatory evidence was, and still to this day is being withheld.

Applicant was transferred into federal custody without ever coming before the court on these issues, all of his arguments Writ of Habeas Corpus motion and Designating issues was just swept under the rug, and never was presented to this court.

(2)

The enclosed is part of the reason why the section 11.07 and Designating issues was never presented to this court, the newly appointed appeal counsel was ineffective, when he allowed this to happen and never notified this applicant to any of these events. Applicant's case just went away, after applicant filed a Civil Rights violation against Collin County Sheriff's Dept., and Chief Deputy Adams contacted the court and district attorneys office, regarding Civil Rights Case No. 4:14cv683.

Respectfully submitted,

(s) Dietrick Lewis Johnson Sr.
19831-078
Beaumont FCC Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720

**NOTE:** Exhibit-F is the response applicant got when requesting Docket sheet's, discovery and/or any other documentation stating what happened to this case.

(3)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| DIETRICK LEWIS JOHNSON, SR., | § § § | |
| Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14cv460 |
| | § | CRIM. NO. 4:12CR00080- |
| | § | 001 |
| UNITED STATES OF AMERICA, | § | |
| Plaintiff. | § | |
| | § | |

---

**DEFENDANT JOHNSON'S ADDENDUM TO REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

TO: HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant; "Dietrick Lewis Johnson, Sr.,"
("Defendant"), pro se in this action, and files his Addendum,
to Report and Recommendation of United States Magistrate Judge.

On November 29th, 2012, the Defendant filed a motion with
said Court to withdraw his guilty plea, after the state of Texas
entered his federal guilty plea as a Confession, November 28th,
2012, in Defendant's state parallel case in Collin County, Texas.

"For a plea to be knowing and voluntary, 'the defendant
must be advised of and understand the consequences of the
[guilty] plea.'" United States v. Gaitan, 954 F.2d 1005, 1011
(5th Cir. 1992)(quoting United States v. Pearson, 910 F.2d 221,
223 (5th Cir. 1990)). Defendant must have notice of the nature

(1)

of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. Matthew, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or...mental coercion overbearing the will of the Defendant' or of state-induced emotions so intense that the Defendant was rendered unable to weigh rationally his options with the help of counsel." Id. (quoting Brady v. United States, 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L. Ed. 2d 747 (1970)).

NOTE: The government now contends that the Defendant was never charged with weapon violations in their answer to 28 § 2255 motion. Undisputed of facts, the evidence that was obtained by U. S. Marshal's, during an unconstitutional search of the Defendant's locked, parked vehicle that was on private property. They recovered a Rohm, Model 36, .32 Caliber revolver, serial No. 217456, which was submitted to the Grand Jury during their independent role of investigation; "April 12th, 2012. The Grand Jury returned a 'True Bill' charging the Defendant with the following Counts in a Superceding Indictment: "Count-(1); 18 U.S.C. § 2119 of Car Jacking, Count-(2); 18 U.S.C. 924(c) for possession of a firearm during and in relation to a crime of violence, and Count-(3); 18 U.S.C. § 922(g)(1) for felon in possession of a firearm."

KEY NOTE: Therefore, Defendant was not made aware of the true nature of the crimes in which he was charged, and this effected

the validity of the waiver itself. The prosecution knew that the Grand Jury's investigation and the charging instrument was void. The fourth Amendment violation committed by the government occurred against the Defendant when the illegally obtained firearm was presented to the Grand Jury, without verbal or signed consent, or a signed warrant by any court to conduct a search of any kind.

<u>Emphases added</u>: Defendant testified that his defense counsel; "Denise S. Benson," never advised him of the consequences that his guilty plea would have on his parallel state case. Defendant further testified that he did not know his guilty plea and factual statement could be admitted into evidence against him in the parallel state proceeding. Defendant further testified that had he known that his plea of guilty in this case could be used against him in his state case, he would never have pleaded guilty in the federal case.

Furthermore, before the government made its objection; "march 18th, 2013," entering a declaration from the state, now certifying that they would not use the defendant's federal plea as a confession in those state court proceedings. On November 28th, 2012, state assistant district attorney; "Cynthia A. Walker," entered the federal guilty plea into the court's record to box the defendant into an unconditional sixty (60) year plea agreement.

Therefore, U.S. and state assistant district attorney's deceived this court, when they knowingly and willingly entered

(3)

a fraudulent objection and/or declaration, knowing it to be false. Further, it's clear the assist. D.A.'s intent was to defraud the court, just to get the United States Magistrate Judge fact finding and recommendation (50) denied. The defendant was denied his 14th Amendment to due process and his 5th Amendment to equal protection of the law. This also effected the validity of the waiver itself.

For the record, on November 28th, 2012, five (5) months prior to the government entering a fraudulent declaration. The state prosecution postponed defendant's parallel Pre-Trial hearing at 9:30 A.M., until 1:30 P.M. that same afternoon, while she drove to meet up with U.S. assist. D.A. to retrieve a copy of the defendant's federal guilty plea.

At the postponed 1:30 P.M. Pre-Trial hearing; November 28th, 2012, before Honorable Judge; "Scott J. Becker," District 219, Case No. 219-81234-2012. The state assist. D.A. entered the defendant's federal guilty plea into the state court records, to box the defendant into an unconditional sixty (60) year plea agreement.

Undisputed of facts, defendant's defense counsel testified that the defendant had informed her that he wanted to enter a plea in his state charges. For the record, if that was the case, why did the state prosecution plea offer's go from forty (40), to fifty (50) and finally to sixty (60) years? Because the defendant had not even thought about pleading guilty, until his federal guilty plea was entered into the state court's record as a confession. The federal guilty plea was used as a confes-

(4)

sion, to box him into an unconditional sixty (60) year plea agreement.

Defendant's defense counsel then testified, January 30th, 2013, during defendant's hearing to withdraw his guilty plea. Further, that she could not recall ever having the conversation with the defendant where they discussed the consequences of his plea of guilty in his parallel state case. Ms. Benson testified that it is her practice to do so, but that she could not recall doing so in this case.

In their supplemental briefs, neither party was able to locate any fifth circuit case that addresses this situation. The government does point out that "upon a showing of a 'fair and just reason' a district court may permit a defendant to withdraw a guilty plea at any time before sentencing." 1 The court found that the facts of this case demonstrate a fair and just reason to allow the defendant to withdraw his guilty plea.

The court also has the testimony of the defendant's defense counsel, Ms. Benson, that although she typically informs her clients of this situation, she cannot recall doing so in this case. Since she cannot recall, the court found that there is no evidence that such warnings were given.

Therefore, the defendant's plea was not knowingly or voluntarily to the full consequences of his federal plea of guilty. Seeing that the U.S. assist. D.A. gave a copy of the defendant's federal guilty plea, to the state assist. D.A. November 28th, 2012. To use as a <u>confession</u>, five months before <u>March 18th,</u>

(5)

2013, when they entered a declaration, certifying that the state would not use the federal guilty plea as a confession. This deceit induced the defendant into an unconditional sixty (60) year plea agreement. Defendant did not understand the consequences of his plea, or the nature of the constitutional protections he waived by pleading guilty. The defendant was unable to weigh his options rationally with the help of counsel, due to the Zoloft, he was taking for three (3) to four (4) times a day.

## PRAYER

Movent respectfully moves this court to vacate, set aside, or correct his sentence, or dismiss the case in its entirity due to prosecutorial misconduct.

(S) Dietrick Lewis Johnson
#19831-078

(6)



**COLLIN COUNTY**

ANDREA STROH THOMPSON
District Clerk
P.O. Box 578
McKinney, Texas 75070
(972) 548-4320
972-424-1460 Ext. 4320 (Metro)

May 06, 2015

Case Number: 219-81234-2012, 219-81235-2012 & 219-82905-2012

Dear Mr. Dietrick Johnson,

Please be advised that the Collin County District Clerk does not accept or reply to requests for information from incarcerated individuals per statute:

Sec. 552.028. REQUEST FOR INFORMATION FROM INCARCERATED INDIVIDUAL. (a) A governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility; or (2) an agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.

Your request is enclosed with this letter.



ANDREA STROH THOMPSON
COLLIN COUNTY DISTRICT CLERK

Signed: 5/6/2015 5:48:23 PM

By: _Sheryll Tilley_
Sheryll Tilley, Deputy