UNITED STATES of America, Plaintiff–Appellee,

v.

David LIPSEY, Defendant–Appellant.

No. 93–9076
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 27, 1994.

Donald F. Samuel, Garland, Samuel & Loeb, Atlanta, GA, for appellant.

Joe D. Whitley, U.S. Atty., Leo Eugene Reichert, Amy Levin Weil and Robert P. Marcovitch, Asst. U.S. Attys., for appellee.

Before KRAVITCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

David Lipsey pleaded guilty to conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. He was sentenced as a career offender to 292 months imprisonment, five years supervised release, and a $20,000 fine. On appeal, Lipsey contends that the district court erred by treating a prior state conviction as a controlled substance offense under Sentencing Guideline § 4B1.1 and by basing his sentence on too large a quantity of drugs. We AFFIRM.

## I.

The guidelines provide that a defendant convicted of a controlled substance felony offense should be treated as a career offender if he has two prior controlled substance convictions. U.S.S.G. § 4B1.1. A controlled substance offense is "an offense under a federal or state law prohibiting the ... distribution[ ] or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to.... distribute[ ] or dispense." U.S.S.G. § 4B1.2(2).

The district court based Lipsey's career offender status in part on an underlying state conviction for possessing valium with intent to distribute. The indictment underlying the challenged conviction charged that Lipsey "did unlawfully possess and have under his control Diazepam a controlled substance ...; said possession being with intent to distribute said drug." Lipsey argues that the district court should have looked beyond the elements of the crime to the facts underlying his conviction. He suggests that although he pleaded guilty to the state offense, at the time he denied that he had any intent to distribute.

Although our circuit has not expressly decided whether a sentencing court may look beyond the elements of the offense to the underlying conduct in determining whether a prior state conviction may be counted as a predicate controlled substance offense, it has held, in addressing predicate crimes of violence under § 4B1.2(1), that

> requiring sentencing courts to conduct factual inquiries into the specific conduct underlying an earlier conviction would present significant practical problems.... We do not believe that Congress or the Commission were unmindful of these practical concerns and if they intended to require the sentencing court to participate in the equivalent of an ad hoc mini-trial, they would have provided at least some guidance.

*United States v. Gonzalez–Lopez*, 911 F.2d 542, 547 (11th Cir.1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). The Fifth Circuit has decided the issue and has held that § 4B1.2(2) does not allow for consideration of conduct underlying a conviction to determine whether that conviction qualifies as a "controlled substance offense." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir.1992). *Gaitan* requires that the court focus upon the elements of the offense when determining whether a conviction qualifies. *See Id. Gonzalez–Lopez*, 911 F.2d at 547.

In light of these cases and the language of the guidelines, we hold that a court should look at the elements of the convicted offense, not the conduct underlying the conviction, in determining if a prior conviction is a controlled substance offense under § 4B1.2(2). The elements of the state conviction at issue included having an intent to distribute or dispense the drug involved in the offense. Therefore, it was a controlled substance offense and could be used to support Lipsey's career offender status.

## II.

Lipsey also argues that the district court erred in holding him accountable for 1800

pounds of marijuana in determining relevant conduct pursuant to § 1B1.3. He contends that 300 pounds should have been discounted and treated as a lesser amount because the undercover agent offered it to him at substantially below market price. He further contends that 1500 pounds should not have been included because it was not part of the same course of conduct or common scheme or plan as the offense of the conviction.

 The 300 pounds of marijuana which Lipsey purchased from the undercover agent must remain as a part of the basis for his sentence. He did not raise this objection at sentencing and is therefore precluded from raising it on appeal. *United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled in part on other grounds, United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993) (en banc).

We need not consider Lipsey's objections to the additional 1500 pounds of marijuana used in calculating his sentence. The district court assigned Lipsey an offense level of 35 and sentenced him to 292 months imprisonment. As long as the 300 pounds Lipsey purchased from the undercover agent are included, the minimum base offense level for a career offender convicted of a drug distribution offense is 37. U.S.S.G. § 4B1.1; 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(B)(vii). After Lipsey's two level downward adjustment for acceptance of responsibility, the sentence for the 300 pounds of marijuana alone would have resulted in an offense level of 35 and a sentencing range of 292 to 365 months. Because the district court imposed the minimum sentence within this guideline range, a reduction in the amount of drugs involved could not have reduced Lipsey's sentence.[1]

### III.

For the foregoing reasons, we AFFIRM.

---

1. It is possible that the Court may have considered the additional marijuana in declining to depart downward. Since Lipsey does not challenge the district court's refusal to depart downward, we need not reach this question.