[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 5, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-16095

_____

D.C. Docket No. 02-00009-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

**(February 5, 2004)**

Before EDMONDSON, Chief Judge, BIRCH and FARRIS[*], Circuit Judges.

FARRIS, Circuit Judge:

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Evans contends that his conviction is not a controlled substance offense because it involved the delivery of chalk rather than cocaine. Prior circuit authority has considered and answered the precise questions raised by his appeal.

There is no dispute that Evans pleaded guilty to an offense covered by the controlled substance statute, 21 U.S.C. §§841(a)(1) and 846.

Under U.S.S.G. § 4B1.1(a)(2), we look only to the elements of the crime of conviction and not the conduct underlying the crime. *United States v. Lipsey*, 40 F.3d 1200, 1201 (11th Cir. 1994); *See also United States v. Frazier*, 89 F.3d 1501 (11th Cir. 1996). A conviction for attempt required proof only that Evans possessed the *mens rea* required for the underlying crime and took a substantial step toward the commission of that crime. *United States v. Carothers*, 121 F.3d 659, 661 (11th Cir. 1997).

A defendant is a "career offender" if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

These requirements were met here.

AFFIRMED.