[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11879
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00043-CV-HL-5
02-00009-CR-HL

CHARLES EVANS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 27, 2007)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Federal prisoner Charles Evans, proceeding pro se, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, which was filed pursuant to 28 U.S.C. § 2255.

On appeal, Evans makes the substantive arguments that: (1) his indictment was constructively amended by the district court at his change-of-plea hearing because his indictment charged him with attempting to distribute cocaine, but the actual substance involved was chalk; (2) his conviction and sentence were jurisdictionally defective because the offense of attempt to distribute chalk is not a federal offense; (3) chalk is not a controlled substance, as defined by federal law; (4) the district court accepted his guilty plea, in violation of Fed.R.Crim.P. 11, because he did not understand that he was pleading guilty to an offense involving chalk; and (5) he is actually and factually innocent of attempting to distribute cocaine. He further argues that these claims were not procedurally defaulted. In addition, Evans argues that he was denied effective assistance of counsel at the plea and sentencing hearings and on direct appeal.

The issue of whether a habeas petitioner's claims are subject to the doctrine of procedural default is a mixed question of law and fact that we review de novo. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising

the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Furthermore, we are not required to reconsider in § 2255 motions claims that were raised and disposed of on direct appeal. Id. at 1056. A prisoner who is collaterally attacking his conviction can establish cause for his procedural default "if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule or that his attorney's performance failed to meet the [Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997)(internal quotations omitted). A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence. Id. at 1465 n.5. To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Jones v. United States, 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted).

With reference to Evans' substantive claims, we find them procedurally defaulted, as this court has already resolved some of his claims on direct appeal, and the remaining claims should have been, but were not, presented on direct appeal. See United States v. Evans, 358 F.3d 1311 (11th Cir. 2004).

3

With reference to the ineffective assistance of counsel claims, we find no reversible error. Evans argues that his trial counsel was ineffective because he was not prepared to represent Evans and failed to raise defenses related to the theory that attempting to distribute chalk is not a federal offense. He also argues that his appellate counsel was ineffective for failing to raise those issues on appeal.

Initially, we reject Evans' argument that his counsel was ineffective because he was only there "to render a guilty plea." Evans offers no evidence to support this claim, and the record reveals none. Furthermore, the more serious count of Evans's indictment, distributing crack cocaine, was dropped as a result of his counsel's negotiation and advice, and it is reasonable to conclude, based upon the record herein, that any reasonable counsel would have advised him to accept the plea agreement. Therefore, Evans has not established that his counsel's performance was deficient within the context of his claim that counsel was only there "to render a guilty plea."

We also find meritless Evans's claim that his counsel was deficient for failing to object and argue at the change of plea hearing that the indictment was constructively amended. Evans was charged with, and pled guilty to, an attempt to possess with intent to distribute cocaine. At his change-of-plea hearing Evans agreed that: (1) he had arranged to sell two ounces of cocaine powder to a

confidential informant; (2) he met with the confidential informant, at which time a substance purported to be cocaine was exchanged for money; and (3) the substance turned out to be chalk. Although the substance was not cocaine, the facts establish, and Evans admitted, that he: (1) agreed to sell cocaine, evidencing the appropriate mens rea; and (2) actually exchanged the substance for money, constituting a substantial step toward commission of the crime. Evans was not convicted on elements that were beyond his indictment, and no constructive amendment of the indictment occurred. Accordingly, Evans's trial counsel did not perform deficiently when he did not object to what Evans erroneously claims was a constructive amendment.

Evans's next argument, that counsel should not have allowed chalk to be considered in Evans's sentence calculation, also fails. Trial counsel chose to object to Evans's career-offender status, and not to the calculation of the weight of the drugs. The impact of being classified as a career offender increased his adjusted offense level from a 16 to a 32. Therefore, it was more advantageous for trial counsel to focus his objections on the career-offender status, rather than the weight of the substance involved. Furthermore, at Evans's change-of-plea hearing, he agreed to the stipulation that his sentence "should be limited to two ounces of powder cocaine," which was the amount included in the PSI. Finally, this court

5

reviewed and affirmed Evans's sentence on appeal, wherein it was argued within the context of an objection to his career-offender status, that the substance involved was chalk, and not cocaine.

Regarding Evans's final argument, that counsel allowed him to plead guilty to a "non-federal offense," namely, attempting to distribute chalk, we first note that, from the plain language of the statutes, attempting to distribute a controlled substance is a federal offense. See 21 U.S.C. §§ 841(a)(1) and 846. Furthermore, Evans did not plead guilty to attempting to distribute chalk, but attempting to possess with intent to distribute cocaine, in violation of §§ 841(a)(1) and 846, which is clearly a federal offense. The fact that the substance involved was chalk, and not cocaine, does not mean that Evans did not attempt to possess with intent to distribute cocaine. Therefore, counsel did not perform deficiently.

**AFFIRMED.**