[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15261
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20208-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIK LINDSEY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Erik Smith pleaded guilty to knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), after he robbed a store and held two customers and four employees at gunpoint. The court imposed a 327-month sentence, which Smith now appeals.

## I.

Smith argues that the district court abused its discretion when it refused to consider his admittedly untimely objection to the presentence investigation report. We review a district court's refusal to consider the merits of untimely objections for abuse of discretion. United States v. Edouard, 485 F.3d 1324, 1351 (11th Cir. 2007). A defendant must file his objections to the PSR within 14 days of receiving it. Fed. R. Crim. P. 32(f)(1). The court may, for good cause, extend the deadline for filing an objection, Fed. R. Crim. P. 32(b)(2), or allow a party to make a new objection at any time before sentence is imposed, Fed. R. Crim. P. 32(i)(1)(D).

Smith's counsel explained that he filed the objections late because he was preparing for another trial. He acknowledged that he should have filed a motion for an extension of time but did not explain why he failed to. The district court did not abuse its discretion when it declined to consider the merits of Smith's untimely objection.

## II.

2

Smith next argues, as he did in his objection to the PSR, that he should not have been classified as a career offender because one of his predicate "controlled substance offenses" was a conviction under Florida Statute § 893.13, which does not require the defendant to have knowledge of the illicit nature of the controlled substance. See State v. Adkins, 96 So. 3d 412, 415 (Fla. 2012).

Because Smith's objection to the PSR was untimely and the district court did not abuse its discretion in declining to consider them, we review Smith's claim that he should not have been sentenced as a career offender for plain error. See United States v. Castro, 455 F.3d 1249, 1251 (11th Cir. 2006) ("When the defendant fails to object at the district court, we reverse only for plain error.") (quotation marks omitted). "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." Id. at 1253 (quotation marks omitted).

The district court did not commit plain error when it concluded that Smith's violation of § 893.13 was a "controlled substance offense" because neither the statutory language of the sentencing guidelines nor our case law requires that a "controlled substance offense" be one in which the defendant had knowledge of the illicit nature of the substance. See U.S.S.G. § 4B1.2(b) (defining a "controlled substance offense" as an offense under a law "that prohibits the manufacture,

3

import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.").

We look at the elements of the convicted offense, not the conduct underlying the conviction, to determine if a prior conviction is controlled substance offense under § 4B1.2(b). United States v. Lipsey, 40 F.3d 1200, 1201. Florida statute § 893.13(1)(a) makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Therefore, Smith's violation of that statute was a "controlled substance offense." See U.S.S.G. § 4B1.2(b).

### III.

Smith argues that his sentence, which was at the high end of the applicable range, was procedurally unreasonable because the district court did not comply with 18 U.S.C. § 3553(c)(1) and substantively unreasonable because Smith's acceptance of responsibility and expression of remorse warranted a sentence at the low-end of the range. We review de novo whether a court complied with 18 U.S.C. § 3553(c)(1). United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). "In reviewing the reasonableness of a sentence, we must . . . consider the totality of

4

the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189–1190 (11th Cir. 2010).  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

The district court must "state in open court the reasons for its imposition of the particular sentence" and, where the applicable guideline range exceeds 24 months, its reasons for choosing that particular point within the range.  18 U.S.C. § 3553(c)(1).  When stating its reasons, the district court should tailor its comments to demonstrate the appropriateness of the sentence in light of the factors in § 3553(a).  Bonilla, 463 F.3d at 1181–82.  The district court is not required to cite the specific language of § 3553(a) or articulate its consideration of each factor where it is obvious that it considered many of them.  Id. at 1182.

The court in this case complied with § 3553(c)(1) because it discussed Smith's extensive criminal history in detail and explained that that history "does not suggest a variance, or for that matter, a sentence at the low end of the guideline."  The court also stated that it considered each of the § 3553 factors individually and collectively.  Based on Smith's criminal history—which includes 6 convictions as a juvenile and 12 convictions as an adult for various offenses— and the nature of his offense in this case, the district court did not abuse its discretion in imposing a 327-month sentence.

**AFFIRMED.**