[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-14916
Non-Argument Calendar

————————————————

D.C. Docket No. 3:13-cr-00052-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN W. RUDOLPH,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(July 2, 2014)

Before HULL, MARCUS, and COX, Circuit Judges.

PER CURIAM:

John Rudolph appeals his 290-month sentence, which the district court imposed after Rudolph pleaded guilty to knowingly and intentionally possessing with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count 1"), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 2"), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count 3").  On appeal, Rudolph contends that the district court erred in determining that he qualified as a career offender and as an armed career criminal.  He also contends that his sentence, which was derived from the career offender guideline of U.S.S.G. § 4B1.1, was both procedurally and substantively unreasonable.

Upon review of the record and consideration of the parties' briefs, we affirm.

I.

Rudolph's objection to the district court's decision to classify him as a career offender is raised for the first time on appeal.  When an objection is raised for the first time on appeal, we review the district court's determination for plain error.  *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009).  Under plain error review, the defendant must establish that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and

not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotations omitted).

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).[1]

Rudolph contends that he lacked the requisite number of prior qualifying convictions because one of his two predicate convictions—his prior conviction for violating Florida Statute § 893.13—does not qualify as a conviction for a controlled substance offense under U.S.S.G. § 4B1.1. Under Florida law, "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a) . A violation of § 893.13 involving cocaine or cannabis is a felony. *Id.*; Fla. Stat. §§ 893.03(1)(c), 2(a)(4).

To determine if a prior conviction is a controlled substance offense under § 4B1.2(b), we look at the elements of the offense, and not the conduct underlying

---

[1] A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment of a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

3

the conviction. *United States v. Lipsey*, 40 F.3d 1200, 1201 (11th Cir. 1994). And looking at the elements of § 893.13, the district court did not plainly err by determining that Rudolph's violation of the statue was a controlled substance offense. In fact, the elements of Florida Statute § 893.13 nearly track the language defining a controlled substance in U.S.S.G. § 4B1.2(b).[2]

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Thompson*, 702 F.3d 604, 606-07 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 2826 (2013). We review the reasonableness of a sentence using two steps: First, we ensure that the sentence was procedurally reasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). We ensure that the district court considered the 18 U.S.C. § 3553(a) factors and adequately explained its chosen sentence. *Id.* The district court need only have set forth enough information for us to ensure that it considered the parties' arguments and had a reasoned basis for imposing its chosen sentence. *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007). Here, the district court determined the Presentence Investigation Report (PSI) was accurate and considered its findings at sentencing. Hearing arguments from both sides, the

---

[2] We do not address Rudolph's contention that the district court erred by classifying him as an armed career criminal since the district court imposed its sentence based on Rudolph's status as a career offender.

court sentenced Rudolph after it reviewed the § 3553(a) factors and the advisory sentencing guidelines. The court explained that the sentence met the general goals of punishment and "hopefully [would] act as a deterrent to anyone else who might consider similar criminal conduct." The court's statement of reasons, though brief, was legally sufficient. *Rita*, 551 U.S. at 356, 127 S.Ct. at 2468. The court said enough to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its legal decision-making authority. *Id.*

Once we have determined that the sentence was procedurally reasonable, we next examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we would expect a sentence within the guideline range to be reasonable. *See Rita*, 551 U.S. at 347, 127 S. Ct. at 2463. Furthermore, Rudolph's 290-month sentence was within his advisory guideline range of 262 to 327 months.

Rudolph's sentence was substantively reasonable. Given his history of recidivism, even after significant terms of incarceration, and his criminal history, which includes a conviction of second degree murder, Rudolph's sentence was not outside the range of reasonable sentences. Accordingly, the court did not abuse its discretion.

**AFFIRMED.**