[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16822
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00149-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 19, 2017)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Norris Williams appeals his convictions and sentences for distributing heroin and possessing heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and for attempting to possess a kilogram or more of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and 21 U.S.C. § 846.[1]  On appeal, Williams argues that the district court erred in denying his motion for a judgment of acquittal, abused its discretion in permitting the government to introduce testimony at trial, erred in relying on the jury's determination of the amount of heroin at sentencing, and erred in applying the career offender enhancement pursuant to U.S.S.G. § 4B1.1.  Further, he argues that his total 360-month sentence of imprisonment was substantively unreasonable. After careful review of the record and the parties' briefs, we affirm.

I.

We review de novo a district court's denial of a motion for judgment of acquittal.  *United States v. Seher*, 562 F.3d 1344, 1364 (11th Cir. 2009).  When the motion challenges the sufficiency of the evidence, we review de novo the sufficiency of the evidence, drawing all reasonable inferences in favor of the government.  *Id.*  We will affirm the denial if we conclude that a reasonable factfinder could find that the evidence established guilt beyond a reasonable doubt.

---

[1] 21 U.S.C. § 846 makes it a crime to attempt to commit an offense defined in Title 21, including § 841.  21 U.S.C. § 841(a)(1) makes it unlawful to knowingly or intentionally distribute a controlled substance or possess a controlled substance with the intent to distribute it.  Section 841(b)(1)(A)(i) increases the penalties when the offense involves one kilogram or more of heroin.  21 U.S.C. § 841(b)(1)(A)(i).

*Id.* Additionally, credibility questions are answered by the jury, and we will assume that the jury resolved all such questions in a manner supporting its verdict. *United States v. Lebowitz*, 676 F.3d 1000, 1013-14 (11th Cir. 2012) (per curiam).

To support a conviction for attempted possession with intent to distribute heroin, the government must prove beyond a reasonable doubt that the defendant (1) acted with the kind of culpability required to commit the underlying offense, that is to knowingly and willfully possess heroin with the intent to distribute; and (2) took a substantial step toward committing the crime under circumstances strongly corroborating criminal intent. *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1310 (11th Cir. 2010).[2] To support a conviction for possession of a controlled substance with intent to distribute, the government must prove beyond a reasonable doubt that the defendant knowingly possessed the controlled substance and intended to distribute it. *United States v. Albury*, 782 F.3d 1285, 1293 (11th Cir. 2015).

Here, the district court did not err in denying Williams's motion for a judgment of acquittal because there was sufficient evidence to prove beyond a reasonable doubt that Williams attempted to purchase a kilogram of heroin with

---

[2] The important factor in proving attempt is the defendant's intent to commit the underlying crime, not whether the underlying crime was actually possible. *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1310 (11th Cir. 2010) (stating that the government did not have to prove the substance in question was actually cocaine, just that the defendant was intending to obtain cocaine).

the intent to distribute.[3]  The government presented ample evidence through Detective Victor Chica's testimony and through the video and audio recordings of Williams's negotiations with Detective Chica that Williams intended to purchase a whole kilogram of heroin from Detective Chica for the purpose of reselling it, and that Williams took a substantial step toward purchasing the kilogram of heroin.

First, the evidence shows that during their negotiations, Detective Chica agreed to sell a half kilogram of heroin to Williams at $40,000 or a full kilogram of heroin at $75,000.  Although Williams initially told Detective Chica that he could buy a half kilogram but not a whole kilogram of heroin "right now," once Detective Chica offered to front or advance Williams the full kilogram for a down payment of $50,000, Williams unequivocally agreed to that arrangement and demonstrated that agreement on multiple occasions.  For instance, during a recorded conversation between Williams and Detective Chica, Detective Chica stated, "Like I said . . . we got to come up with at least a down payment which will be 50 and then go from there," and Williams responded, "Okay, okay, okay, that's a number, okay, that's a number I'm looking for."  Detective Chica also testified that Williams wanted to purchase a kilogram of heroin and agreed to pay $50,000 as a down payment.

---

[3] Williams does not appeal his convictions for Counts 1 through 3, which involve lower quantities of heroin.

4

Second, Williams took a substantial step toward committing the underlying offense under circumstances strongly corroborating his criminal intent.  Williams arranged a meeting with Detective Chica to exchange a full kilogram of heroin for the $50,000 down payment, and Williams brought approximately $50,000 in a shoebox to that meeting.  Williams then gave Detective Chica the shoebox.[4]  This belies the argument that Williams had not intended to buy a full kilogram of heroin because the price agreed to for the half kilogram was $40,000.  Williams also conceded during his trial that he believed Detective Chica would give him a kilogram of heroin at this meeting.  A reasonable jury could therefore infer that when Williams showed up to the meeting with approximately $50,000—the price Detective Chica required to front Williams the entire kilogram of heroin—that Williams intended to purchase the entire kilogram of heroin.

## II.

We review a district court's evidentiary rulings under an abuse of discretion standard.  *United States v. House*, 684 F.3d 1173, 1197 (11th Cir. 2012).  A district court abuses its discretion if it applies an incorrect legal standard or makes clearly erroneous findings of fact.  *Id.*  However, even when the district court abused its discretion, we will only reverse when there is a reasonable likelihood that a non-constitutional evidentiary error affected the defendant's substantial rights.  *Id.*  We

---

[4] The audio and video of this transaction was captured by the government and shown to the jury.

5

will not reverse when the non-constitutional error had no substantial influence and there is enough evidence to support the verdict without the error. *Id.* When a defendant claims cumulative error, we consider all preserved errors on appeal, as well as all plain errors, within the context of the entire trial to determine whether the defendant had a fundamentally fair trial. *Id.* When there is no error or there is only one error, there is no cumulative error. *Id.* at 1210. The district court can allow the prosecution to redirect a witness as to testimony elicited on cross-examination. *United States v. Willner*, 795 F.3d 1297, 1320 (11th Cir. 2015).

The district court did not abuse its discretion in admitting the challenged testimony about the slang Williams used and the evidentiary shipping and handling procedures, because the testimony was relevant to the charges against Williams and because Williams invited the additional testimony through his cross-examination of a witness. First, although Williams objected to Sergeant Samuel Gonzalez's testimony about what Williams meant when he said, "If you make money, I make money" as speculative and calling for a conclusion, Williams did not object that the testimony constituted an improper expert opinion or that Sergeant Gonzalez did not qualify as an expert or had not been properly qualified as an expert.[5]

---

[5] Because Williams failed to object before the district court as to this testimony constituting an improper expert opinion, Williams's argument is reviewed for plain error. *United States v.*

The district court did not err because Sergeant Gonzalez's testimony was relevant to Williams's intent to distribute heroin, a controlled substance, *see Bernal-Benitez*, 594 F.3d at 1310, and Williams made the statement in a recorded video of a drug transaction, *see* Fed. R. Evid. 401.  Additionally, as a police officer, Sergeant Gonzalez could testify as a lay witness as to his understanding of the slang Williams used in the video in order to help the jury understand his testimony about the conversation that occurred during the first heroin transaction. *See* Fed. R. Evid. 701; *United States v. Jayyousi*, 657 F.3d 1085, 1102–04 (11th Cir. 2011).

Second, to the extent that Williams argues that Agent Mark Strang's testimony about the Drug Enforcement Administration's (DEA) shipping procedures and duties of handling evidence was admitted in error, it was error that Williams invited.  *See United States v. Carpenter*, 803 F.3d 1224, 1236 (11th Cir. 2015) (explaining that this court will not review an issue challenged as error on appeal when a party induced or invited the district court into making that error). On cross-examination, Williams invited the challenged testimony by questioning Agent Strang extensively about the DEA's procedures for shipping and handling evidence.  The district court therefore did not abuse its discretion in allowing the

---

*Perez*, 661 F.3d 568, 583 (11th Cir. 2011) (per curiam).  For an error to be plain it must obviously conflict with current law.  *Id.* at 585.

7

government to question Agent Strang briefly about the shipping procedures and duties Agent Strang testified about on cross-examination. *See Willner*, 795 F.3d at 1320. Additionally, Agent Strang's testimony was related to establishing the chain of custody for the seized evidence, which Williams argued was relevant at trial.

Third, the district court did not abuse its discretion in admitting Detective Chica's testimony because the challenged testimony was relevant. As discussed above, Williams was charged with attempting to obtain a kilogram of heroin in order to sell it. Detective Chica's testimony about the importance of high-quality heroin to the distribution chain was relevant to the question of Williams's intent in obtaining the heroin to sell it because the testimony helped establish that Williams wanted to obtain a higher quality of heroin in order to make more money when selling the heroin. *See* Fed. R. Evid. 401; *Bernal-Benitez*, 594 F.3d at 1310. Further, as a police officer, Detective Chica could testify as to his understanding of the slang Williams used, including what it meant to have "money" somewhere, in order to help the jury understand his testimony about their recorded conversations. See Fed. R. Evid. 701; *Jayyousi*, 657 F.3d at 1102-04.

Finally, relevant evidence should only be excluded if unfair prejudice substantially outweighs the evidence's probative value. *United States v.* Spoerke, 568 F.3d 1236, 1251 (11th Cir. 2009). Here, none of the challenged testimony was unfairly prejudicial, as it went to either helping the jury understand Detective

Chica and Sergeant Gonzalez's testimony about their conversations with Williams or to redirecting a witness as to questions Williams asked on cross-examination. The recorded conversations were played for the jury and we assume that the jury resolved any credibility questions in a manner consistent with their guilty verdict. *Lebowitz*, 676 F.3d at 1014.

Thus, the district court did not err in admitting the challenged testimony. Because the district court did not err in admitting this testimony, there was also no cumulative error. *House*, 684 F.3d 1173 at 1210.

### III.

When the drug quantity used at sentencing was found by the jury, we review the jury's findings de novo, asking whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) (internal quotation marks omitted). Quantities of drugs not specified in the count of conviction can be used as relevant conduct at sentencing to determine the offense level. U.S.S.G. § 2D1.1, cmt. n.5. When an offense involved the arranged sale of drugs in a government sting operation, the district court uses the quantity the defendant agreed upon, unless the defendant can show that he "did not intend to provide or purchase, or was not reasonably capable of providing or purchasing, the agreed-upon quantity of the

9

controlled substance." *Id.* In that case, the court should exclude the amount the defendant establishes that he did not intend to purchase or was not reasonably capable of purchasing. *Id.*

The jury found Williams guilty of attempting to possess one kilogram or more of heroin with the intent to distribute it. As discussed earlier, the government presented the jury with sufficient evidence to determine that Williams intended to purchase the entire kilogram of heroin and not just half a kilogram. Because the jury determination of the quantity of heroin was supported by sufficient evidence, the district court did not err in relying on it at sentencing. *Curbelo*, 726 F.3d at 1267.

## IV.

We review de novo a district court's application and interpretation of the Sentencing Guidelines, including whether the defendant qualifies as a career offender. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). Factual findings in support of a guideline enhancement are reviewed for clear error. *United States v. Creel*, 783 F.3d 1357, 1359 (11th Cir. 2015). We will conclude that a factual finding is clearly erroneous only if we are left with a "definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

As an initial matter, although Williams objected to the application of the career offender enhancement in district court, he did not object that his prior offenses under Florida Statute § 893.13 and under § 841(a) and § 846 did not qualify as controlled substance offenses.[6]  Because Williams failed to object below, we review for plain error.  *Perez*, 661 F.3d at 583.  For an error to be plain it must obviously conflict with current law.  *Id.* at 585.

The district court did not plainly err in applying the career offender enhancement.  First, the government was not required to prove Williams's prior convictions to the jury beyond a reasonable doubt in order for the district court to consider them at sentencing.  *United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014).  Second, Williams met the three requirements to be considered a career offender.[7]  Williams was 44 years old at the time of the offense conduct and was

---

[6] The record does not specify the applicable statutes for the predicate state conviction and federal conviction at issue.  The parties, however, agree that the state conviction was under Florida Statute § 893.13 and do not dispute that the charges for the federal conviction were under 21 U.S.C. §§ 841(a) and § 846.  Williams also does not object to the accuracy of the convictions as stated in the Presentence Investigation Report; thus, he is deemed to have admitted to those facts.  *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006) (per curiam).

[7] A defendant is considered a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  A controlled substance offense is an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).  A prior felony conviction is a prior adult federal or state conviction punishable by death or imprisonment for more than one year, regardless of whether the offense is

11

therefore over 18 years old at the time.  The instant offense involved a conviction for a felony controlled substance offense under §§ 841(a), 841(b), and 846. Williams had at least two prior felony convictions involving controlled substance offenses, including a Florida state conviction for purchasing cocaine base, in violation of Florida Statute § 893.13, *see United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017), *cert. denied*, 583 U.S. ___, No. 17-5135 (Oct. 2, 2017), and a federal conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 kilograms or more of cocaine base, in violation of §§ 841(a) and 846, *see United States v. Evans*, 358 F.3d 1311, 1312 (11th Cir. 2004). Therefore, the district court appropriately applied the career offender enhancement.

## V.

We review a sentence's substantive reasonableness by taking into account the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[8]  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A district court imposes a substantively

---

specifically designated a felony or what sentence was actually imposed.  U.S.S.G. § 4B1.2(b), cmt. n.1.

[8] The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the needs to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, and to protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a)(1), (3)–(6).

unreasonable sentence when it (1) fails to consider relevant 18 U.S.C. § 3553 factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error in judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We ordinarily expect a sentence imposed within the guideline range to be reasonable. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015). Additionally, an indicator of reasonableness is a sentence imposed well below the statutory maximum penalty. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Williams fails to demonstrate that his total sentence is substantively unreasonable. *See Alvarado*, 808 F.3d at 496 (explaining that the party challenging the reasonableness of the sentence has the burden to show that it is unreasonable). The 360-month total sentence met the goals encompassed within § 3553(a). In particular, the district court expressed concern over Williams's criminal history. The district court noted that in contrast to Williams's argument that he had no criminal history for approximately 15 years before the instant offense, his criminal history demonstrated that Williams was incarcerated in federal prison for much of that time and committed another drug offense shortly after he was released. The district court's concern over Williams's criminal history was supported by the record, which includes multiple offenses involving intent to sell drugs. It was well

13

within the district court's discretion to conclude that Williams's criminal history

and his status as a career offender weighed in favor of a guideline sentence.  *See*

*United States v. Mateos*, 623 F.3d 1350, 1368 (11th Cir. 2010).

Further, Williams's sentence was at the very low end of his guideline range,

which is 360 months to life, which suggests that the sentence was reasonable.

*Alvarado*, 808 F.3d at 496.  In determining his 360-month sentence, the district

court explicitly considered Williams's mitigating history and characteristics,

including his military service, and was well within its discretion to conclude that,

while these mitigating factors warranted a sentence at the low end of the guideline

range, they did not warrant a variance below it.  The total 360-month sentence was

sufficient, but not greater than necessary, to account for the purposes of the §

3553(a) factors.  *See* 18 U.S.C. § 3553(a).  Therefore, the district court did not

abuse its discretion in balancing the § 3553 factors, and the sentence accordingly

was substantively reasonable in light of the totality of the circumstances.

## VI.

Williams's multiple arguments fail.  The district court did not err in denying

Williams's motion for a judgment of acquittal because there was sufficient

evidence to prove beyond a reasonable doubt that Williams attempted to purchase

a kilogram of heroin with the intent to distribute.  The district court did not abuse

its discretion in admitting testimony about the slang Williams used and the DEA's

evidentiary shipping and handling procedures because this testimony was relevant to the charges and clarified questions Williams asked on cross-examination. Because the district court did not err in admitting this testimony, there was no cumulative error.  The district court did not err in relying on the jury's determination of the drug quantity, because the government introduced sufficient evidence to prove beyond a reasonable doubt that Williams attempted to purchase a kilogram of heroin with the intent to distribute.  The district court did not plainly err in applying the career offender enhancement because Williams's prior convictions both qualified as controlled substance offenses and the government did not need to prove Williams's prior convictions to the jury beyond a reasonable doubt in order for the district court to consider the convictions at sentencing. Finally, Williams's total sentence of 360 months, at the low end of his guideline range, was substantively reasonable because the district court took into account the totality of the circumstances and the purposes of 18 U.S.C. § 3553(a) in determining Williams's sentence.

**AFFIRMED.**